# ALBERT GERDE v. OLOF JONES.[1]

April 16, 1915.

Nos. 19,025—(31).

**Replevin — finding sustained by evidence.**

Action in replevin to recover an automobile. Judgment for plaintiff. *Held:*
A finding that the partnership between plaintiff and defendant was dissolved by
mutual agreement and by such agreement plaintiff assumed all the debts, and all
the accounts receivable and property, including the automobile, were turned over
to him, and thereby the car became and remained his property, is supported by
the evidence. [Reporter.]

Action in the municipal court of Minneapolis to recover possession of a certain
automobile or $450, its value, and $40 damages. The answer was a general
denial. The case was tried before Montgomery, J., who when plaintiff rested
denied defendant's motion to dismiss the action, made findings and ordered judg-
ment in favor of plaintiff for the possession of the car, or in case such possession
could not be obtained for $300. Defendant's motion for amended findings or for
a new trial was denied. From the judgment entered pursuant to the order for
judgment, defendant appealed. Affirmed.

*Arthur E. Olson* and *E. M. Hilton,* for appellant.

*John Walso,* for respondent.

PER CURIAM.

During the summer of 1911, plaintiff, his brother Otto and defendant were
partners engaged in repairing automobiles. They occasionally bought an old
machine for the purpose of repairing and fixing it up and then disposing of it at
a profit. In the latter part of October, 1911, Otto Gerde retired from the busi-
ness. In the early part of December, 1911, defendant retired from the business.
While both Otto and defendant were members of the firm a machine which had
been burned in a fire was purchased for the sum of $35. A small amount of
work had been done on this machine before defendant quit the business, and
thereafter plaintiff completed the repairs and in so doing claims to have expended
about $400 of his own funds. After the machine had been repaired, it was kept
for the use of plaintiff and his wife. In April, 1913, defendant, in the nighttime
and without plaintiff's knowledge or consent, took the machine from plaintiff's
premises and has ever since retained it. Plaintiff brought this action in replevin
to recover it. The trial court found as a fact:

[1] Reported in 152 N. W. 1101.

"That on or about December 5, 1911, the plaintiff and defendant, as such partners, dissolved the partnership by mutual agreement, and that by such agreement, plaintiff assumed all the debts of said partnership, and all the accounts receivable and property on hand, including the automobile in this controversy, were turned over to plaintiff, and that thereby the said automobile described in the complaint herein became, has ever since been, and now is the property of plaintiff."

Defendant contends that this finding is not supported by the evidence; that he still retains his interest in the partnership property; and that this action will not lie for the reason that one partner cannot replevy partnership property from another partner. We have examined the evidence with care, and, while it is vague and unsatisfactory on both sides, it is sufficient to sustain the above finding. The trouble between the parties appears to have arisen out of a dispute concerning the amount due defendant for his interest in the business, and the failure of plaintiff to make payment in full therefor.

The testimony of plaintiff on cross-examination as to the testimony given by him at the trial of a prior suit brought by his wife for the same machine did not determine conclusively that the machine belonged to his wife and not to himself. This testimony given on cross-examination is the only evidence in the record concerning the prior suit and is confined to the fact that plaintiff made certain statements when testifying at the trial of such suit. Although there is no evidence in the record showing the result reached in that suit or the ground upon which it was decided, counsel states in his brief that that suit failed because the court was of the opinion that plaintiff, and not his wife, was the owner of the machine, and that it was taken from his possession and not from her possession.

The judgment appealed from is affirmed.